## Commonwealth v. Swader

*John F. Hassett*, for Commonwealth.
*Harold B. Lipsius*, for defendant.

CHUDOFF, J., March 14, 1961.—Defendant is charged with having, on November 27, 1959, at the City of Bennettsville, in the State of South Carolina, gone through a form of marriage, recognized as binding by the laws of the Commonwealth of Pennsylvania, with Bobbie Jean Williams, while May Wiggins Tolbert,

to whom he had previously been lawfully married, was still alive, his marriage with the latter not having been declared void or annulled by the decree of a proper court of record. To the indictment containing this charge defendant has moved to have it quashed by a rule to show cause upon the district attorney, and it is this court's determination that the rule be made absolute and the bill quashed. The reasons leading to the decision are as follows:

The bill charges an act which, it is plainly alleged, occurred in the State of South Carolina. As the jurisdiction of the court is limited to the County of Philadelphia, it is without authority to take cognizance of such a matter. For what this indictment alleges he did, defendant may be indictable in South Carolina, but he is not subject to indictment here.

The bill of indictment is framed under The Penal Code of June 24, 1939, P. L. 872, sec. 503, 18 PS §4503, which provides:

"Whoever, having entered into a contract of marriage with another person, whether the marriage is valid in law or not, which marriage has not been dissolved by death, divorce or annulment, goes through any form of marriage, recognized as binding under the laws of this Commonwealth, with any other person, whether the parties thereto cohabit thereafter as man and wife or not, is guilty of bigamy, a misdemeanor,

. . .

"In all such cases, where the first marriage shall be valid in law, the second and all subsequent marriages shall be bigamous and void."

This statute reënacts the thirty-fourth and thirty-fifth sections of the Act of March 31, 1860, P. L. 382, commonly known as The Penal Code, extending their provisions merely so far as to include the case where one has gone through a form of marriage recognized as binding by the laws of the place where this is done,

but whose marriage for some reason is invalid, marries again during the life of the other party to the first ceremony, when the first marriage has not been declared annulled and void by the decree of a proper court of record.

In Gise v. Commonwealth, 81 Pa. 428 (1876), it was held by the Supreme Court that the words, "If any person shall have two wives or two husbands at one and the same time" in the thirty-fourth section of the Act of March 31, 1860, refer to the common law offense popularly styled bigamy and include nothing more. It was also decided in that case that a man commits bigamy by going through the ceremony of marriage and appearing to contract that which is a legal and binding union, when he has a wife still living and undivorced from him; that the gravamen of the offense covered by the section of The Penal Code in which the words quoted above occur was the entry into the second marriage contract by means of which the offending party fraudulently obtains dominion and control over the body of another, that cohabitation is not an essential ingredient in the offense and that, therefore, the crime of bigamy is not a continuing one.

There is no reason to believe that when the legislature used the same words in The Penal Code of June 24, 1939, P. L. 872, it intended them to be understood in any different sense from that in which they were employed in the earlier statute construed in Gise v. Commonwealth, supra. On the contrary, it seems clear from section 4 of this statute that the act for which the legislature meant to provide punishment is merely the entering into a plural or polygamous marriage.

Under that section* an indictment for bigamy will

---

* Section 4 of the Act of March 27, 1903, P. L. 102, requiring an indictment within two years after cohabitation or marriage is not repealed by The Penal Code of June 24, 1939, and appears as 18 PS §§613, 614.

be barred unless it is brought or exhibited within two years from the date when the second marriage was entered into, or within two years after an act of cohabitation of the parties thereto. If cohabitation between the parties to a bigamous marriage were the offense aimed at by the legislature, it would not have been necessary to provide that such cohabitation shall toll the bar of the statute of limitations in the case of a prosecution under this statute.

It follows, we think, that the offense of having two wives at one and the same time is committed only at the time when and in the place where the second marriage occurred and the second wife was taken.

In the case at bar, the indictment avers that defendant's marriage with May Wiggins Tolbert was lawful. This was entered into at Philadelphia and is the only marriage in which defendant was concerned that took place in this county. He married Bobbie Jean Williams at Bennettsville, South Carolina. If he had done so in this Commonwealth, he would have violated our law; and had the offense been committed within this county, he might properly have been indicted here. His misdeeds in South Carolina, however, cannot be punished in this State, and his cohabitation in this county with the woman whom he wronged by means of the South Carolina ceremony is not bigamy but adultery. An indictment charging defendant with the latter crime could very well be a proper finding by the grand jury. It would, however, be unlawful to proceed to trial upon the bill of this case.

### Order

And now, March 14, 1961, defendant's rule is made absolute and the motion to quash bill of indictment January sessions, 1961, no. 549, charging bigamy, is granted.